**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

PARADISE VALLEY HOLDINGS, INC.
d/b/a ACE TV RENTAL
d/b/a CHOICE RENT TO OWN

                 Debtor

G. WAYNE WALLS, TRUSTEE

                 Plaintiff

                 v.

GRUEN MARKETING SERVICES, INC.

                 Defendant

Case No.  03-34704

Adv. Proc. No.  05-3262

**MEMORANDUM ON
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
                          Keith L. Edmiston, Esq.
                          Matthew A. Birdwell, Esq.
                          Post Office Box 869
                          Knoxville, Tennessee  37901-0869
                          Attorneys for Plaintiff

                         GARNER, KULL, FREESTATE & CONNER
                          Christopher W. Conner, Esq.
                          Post Office Box 5059
                          Maryville, Tennessee  37802-5059
                          Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On November 30, 2005, the Plaintiff filed a Complaint to Avoid Preferential Transfers (Complaint), asking the court to avoid, pursuant to 11 U.S.C.A. § 547 (West 2004),[1] transfers made to the Defendant, Gruen Marketing Services, Inc., by the Debtor, to grant him a judgment in the amount of $25,528.19, representing the aggregate sum of these transfers, to be recovered for the benefit of the Debtor's estate under 11 U.S.C.A. § 550(a) (West 2004).  The Defendant filed its Answer to Complaint of Trustee Against Gruen Marketing Services, Inc. (Answer) on January 3, 2006, denying that the Debtor made any preferential transfers to the Defendant and asserting statutory defenses that the payments were in the ordinary course of business, the transfers were intended to be contemporaneous exchanges for new value, and that the Defendant gave new value in exchange for the transfers.  In the alternative, the Defendant argues that the Debtor was not insolvent at the time of the transfers.

Presently before the court is the Motion for Summary Judgment filed by the Defendant on June 22, 2006, arguing that no genuine issues of material fact exist and that it is entitled to a judgment as a matter of law.  Accompanying the Motion for Summary Judgment are the Defendant's Statement of Material Facts and a Memorandum of Law in Support of Plaintiff's [sic] Motion for Summary Judgment.[2]  The Defendant also relies upon the Affidavit of Bruce Gruen, its President, in support of its Motion for Summary Judgment.

---

[1] This adversary proceeding involves the application of § 547 as in effect prior to the October 17, 2005 effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2] The Memorandum of Law, however, contains no citation to authority to support the Defendant's contention that it is entitled to a summary judgment on the issues raised in the Motion.

2

On July 7, 2006, the Plaintiff filed the Response of G. Wayne Walls, Trustee in Opposition to Motion for Summary Judgment (Response), arguing that genuine issues of material fact exist concerning whether the transfers at issue were made in the ordinary course of business or were followed by subsequent new value, along with the Response of G. Wayne Walls, Trustee[,] to Defendant's Statement of Material Facts, and a Memorandum of Law in Support of Response of G. Wayne Walls, Trustee in Opposition to Motion for Summary Judgment.  He also relies upon two exhibits:  (1) the Initial Disclosures of Gruen Marketing Services, Inc., dated April 18, 2006, along with all attachments thereto (Initial Rule 26(a) Disclosures); and (2) the Asset Purchase and Sale Agreement dated May 19, 2003, between Rosey Rentals, L.P., and James Bonfiglio, in his capacity as Receiver for the Debtor.[3]

This is a core proceeding.  28 U.S.C.A. § 157(b)(2)(F) (West 1993).

I

The court takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, that the following events have occurred during the course of the Debtor's bankruptcy case.  An Involuntary Petition commencing the Debtor's Chapter 7 bankruptcy case was filed on August 21, 2003.  An order for relief was entered on December 4, 2003, and a Chapter 7 trustee was appointed on December 8, 2003.[4]  On January 26, 2005, the Plaintiff was appointed substitute trustee, and he

---

[3] The Defendant filed a Reply to the Plaintiff's Response on August 7, 2006.  Because the Reply is untimely and is, as is the Memorandum of Law filed with the Motion for Summary Judgment, devoid of authority, it will not be considered by the court.

[4] Sterling P. Owen, IV, was originally appointed as Chapter 7 trustee, and he continued in that capacity until January 26, 2005.

has continued to act as Chapter 7 trustee from that date forward. On November 30, 2005, the Plaintiff filed the Complaint initiating this adversary proceeding, seeking to avoid as preferential transfers the following payments made to the Defendant by the Debtor within the ninety day period immediately preceding the filing of the Involuntary Petition: (1) $16,181.76 on June 19, 2003; and (2) $9,346.43 on July 18, 2003. Based upon the Defendant's Initial Rule 26(a) Disclosures, attached to the Plaintiff's Response, the $16,181.76 transfer paid invoice #9921 dated May 1, 2003, and the $9,346.43 transfer paid invoice #9993 dated June 1, 2003.

For the purposes of the Motion for Summary Judgment, there is no dispute that the two payments in question were made from the Debtor to the Defendant on the dates and for the amounts stated. Additionally, the parties do not dispute the following material facts. The Defendant provided services consisting of marketing and advertising consulting and coordination of marketing and advertising for the Debtor. A portion of the services provided was the purchase of advertising space in third-party publications, to be run at a later date, wherein the Defendant acted as the Debtor's agent in these transactions. The Defendant advised the Debtor as to marketing strategies, including advertising with third-party publications, and following the creation of a package, the Defendant would invoice the Debtor for the purchase of these advertising costs.

The Plaintiff disputes the Defendant's statement that it finalized arrangements with the various third-party publications after receiving payment from the Debtor, and he attached invoices reflecting that unpaid balances could become past due and could result in cancellation of the advertising without notice. He also objects to the Defendant's statements that the transfers in question were payments on debt incurred in the ordinary course of business and that they were to be

contemporaneous exchanges for new value, arguing that such statements are legal conclusions rather than statements of fact.

**II**

Summary judgment is appropriate, pursuant to Federal Rule of Civil Procedure 56, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable to adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the nonmoving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to

a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Having reviewed the Motion for Summary Judgment, the Plaintiff's Response, the Statement of Material Facts and the Response thereto, the Defendant's Affidavit, and the exhibits, the court finds that the Defendant is not entitled to judgment as a matter of law.

The Plaintiff seeks to avoid as preferential transfers a $16,181.76 payment on June 19, 2003, and a $9,346.43 payment on July 18, 2003, both of which occurred within the ninety days preceding the Debtor's bankruptcy filing. The Plaintiff's cause of action arises pursuant to 11 U.S.C.A. § 547(b), which allows Chapter 7 trustees to avoid preferential transfers made by debtors to creditors if the transfer is made for the benefit of the creditor, on account of an antecedent debt, while the debtor was insolvent, within ninety days before the date of the filing of the petition, which enabled the creditor to receive more than it would have if the payment had been made in a Chapter 7 liquidation case. *See* 11 U.S.C.A. § 547(b).

There are several statutory defenses to a preference action set forth in 11 U.S.C.A. § 547(c), including the following asserted by the Defendant herein:[5]

   (c) The trustee may not avoid under this section a transfer—

---

[5] The Defendant does not expressly identify any of the statutory defenses in its Answer filed on January 3, 2006, or in its Motion for Summary Judgment; however, based upon the statements made therein, the court can deduce that the Defendant is relying upon 11 U.S.C.A. § 547(c)(1), (2), and (4).

>  (1) to the extent that such transfer was—
>
>> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>>
>> (B) in fact a substantially contemporaneous exchange;
>
> (2)  to the extent that such transfer was—
>
>> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
>>
>> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
>>
>> (C) made according to ordinary business terms; [or]
>
> . . . .
>
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
>> (A) not secured by an otherwise unavoidable security interest; and
>>
>> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor[.]

11 U.S.C.A. § 547(c). Although the trustee alleging a preferential transfer bears the burden of proving the elements thereof, the party asserting any of the § 547(c) statutory defenses bears the burden of proof that each element has been satisfied by a preponderance of the evidence. *See* 11 U.S.C.A. § 547(g). Additionally, as it relates to this adversary proceeding, "'new value' means money or money's worth in goods, services, or new credit . . . ." 11 U.S.C.A. § 547(a)(2).

**A**

Section 547(c)(1)'s "contemporaneous exchange" defense "has three elements: (1) both the debtor and creditor must intend the transfer to be a contemporaneous exchange; (2) the exchange must, in fact, be contemporaneous; and (3) the exchange must be for new value." *Stevenson v. Leisure Guide of Am., Inc. (In re Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir. 2000). "The classic exception to avoidance intended by Congress to be reflected in section 547(c)(1) is the exchange of goods or other 'value' for a check. Such transactions are generally intended to be cash transactions, although some extension of credit is necessarily involved until the check is negotiated." *Ray v. Sec. Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358, 361 (6th Cir. 1984). Furthermore, "[a] vast majority of courts agree that 'new value' for purposes of § 547 must be something of tangible economic value. This view is in keeping with the purpose new value serves: replenishing the estate." *Phoenix Rest. Group, Inc. v. Fuller, Fuller & Assocs., P.A. (In re Phoenix Rest. Group, Inc.)*, 316 B.R. 671, 679 (Bankr. M.D. Tenn. 2004) (citations omitted).

The Defendant offered no proof to support its "contemporaneous exchange" defense, nor does it cite any authority in its brief. In its Answer, the Defendant asserted that "[i]f there were preferential transfers, the transfers complained of were intended by the Debtor and Gruen to be contemporaneous exchanges for new value given to the Debtor and in fact were substantially contemporaneous exchanges." ANS. at ¶ 5. However, in the Affidavit of its President, Bruce Gruen, tendered in support of the Motion for Summary Judgment, there is no mention of a contemporaneous exchange or the parties' intentions with respect to the transfers at issue. Because the Defendant has not provided the court with any evidence to satisfy the elements of § 547(c)(1), the burden of proof

8

has not been met, and the Defendant's Motion for Summary Judgment with respect to this statutory defense will be denied.[6]

**B**

The "ordinary course of business" defense of § 547(c)(2) focuses upon the questioned transactions between the parties. "[W]hether a payment is made in the ordinary course of business and according to ordinary business terms is a factual determination." *Fitzpatrick v. Cent. Commc'ns & Elecs., Inc. (In re Tenn. Valley Steel Corp.)*, 203 B.R. 949, 952 (Bankr. E.D. Tenn. 1996) (quoting *Yurika Foods Corp. v. United Parcel Serv. (In re Yurika Foods Corp.)*, 888 F.2d 42, 45 (6th Cir. 1989)). Section 547(c)(2) "was intended to 'protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the Debtor and the transferee.'" *Roberds, Inc. v. Broyhill Furniture (In re Roberds, Inc.)*, 315 B.R. 443, 454 (Bankr. S.D. Ohio 2004) (quoting *Waldschmidt v. Ranier (In re Fulgham Constr. Corp.)*, 872 F.2d 739, 743 (6th Cir. 1989)); *see also Brown v. Shell Canada Ltd. (In re Tenn. Chemical Co.)*, 112 F.3d 234, 238 (6th Cir. 1997) (holding that the purpose of this defense is to "allow suppliers and other furnishers of credit to receive payment within the course that has developed in the commercial relationship between the parties unless substantial deviations from established practices occur.").

Subsection (A) requires the Defendant to establish that it and the Debtor were engaged in their usual business when the debt was incurred and when the transfers took place. *Official Comm. of Unsecured Creditors v. Charleston Forge, Inc. (In re Russell Cave Co.)*, 259 B.R. 879, 882

---

[6] Given the credit nature of the disputed transfers, the court sees little that could support the Defendant's § 547(c)(1) defense.

9

(Bankr. E.D. Ky. 2001). To determine whether the transactions were ordinary, "courts examine several factors, including timing, the amount and manner a transaction was paid and the circumstances under which the transfer was made." *Tenn. Valley Steel Corp.*, 203 B.R. at 952 (quoting *Yurika Foods Corp.*, 888 F.2d at 45). The elements of subsection (B) are subjective, focusing upon the specific business dealings between the Defendant and the Debtor, while the subsection (C) analysis is objective, requiring the Defendant to provide proof as to general business dealings within the industry itself. *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 813 (6th Cir. 1996) (*citing Logan v. Basic Distribution Corp. (In re Fred Hawes Org., Inc.)*, 957 F.2d 239, 244 (6th Cir. 1992)).

For the purposes of its Motion for Summary Judgment, the Defendant has not meet its burden of proof with respect to the ordinary course of business defense. It was required to offer proof concerning the specifics of the transfers in question, proof concerning the customary business dealings between itself and the Debtor, and proof concerning general business dealings within the industry itself. The only proof offered in connection with this defense is Mr. Gruen's statement that in its capacity as the Debtor's agent, it "would create a package and invoice [the Debtor] for the cost to purchase advertising in various third party publications." GRUEN AFF. at ¶ 3. Although this statement references the business dealings between the Debtor and the Defendant, it is not, in and of itself, sufficient to establish a consistent pattern of dealings between the Debtor and the Defendant with respect to the specific transfers in question or their business relationship in general. Furthermore, the Defendant did not offer any evidence whatsoever with respect to how the payments in question were made in the ordinary course of business dealings within the industry. Because the

Defendant did not offer proof sufficient to satisfy the three elements required by § 547(c)(2), the Motion for Summary Judgment will be denied with respect to that statutory defense.

### C

The "new value" defense of § 547(c)(4) "creates an exception to the general rule that preferential transfers may be recovered for those situations in which a creditor provides new value after the preferential transfer is made but before the filing of the Debtor's bankruptcy petition," as long as the debtor did not pay for the new value by making a transfer to or for the creditor's benefit that would otherwise be unavoidable, and the new value is not secured by a security interest that would otherwise be unavoidable. *Tenn. Valley Steel*, 203 B.R. at 956.

> This affirmative defense is based on the premise that if a creditor receives a preference, but subsequently supplies new value . . . to the debtor, this subsequent new value should be a defense to the preference. The policy is that the creditor, having replenished the debtor's estate so that there has been no overall diminution in the estate, has not, in reality, been preferred by the debtor.

*Roberds, Inc.*, 315 B.R. at 468.

Applicability of § 547(c)(4) depends upon whether the following elements are satisfied:

(1) "With respect to each, individual transfer of new value, the [court] must determine whether there has been an 'otherwise unavoidable transfer' on account of the new value."

(2) "If the new value was paid for by the debtor with a payment not alleged to be a preference . . . the creditor may not avail itself of that increment of new value."

(3) If any of the payments made by the Debtor subsequent to the advancement of new value are alleged to be preferences, the court must:

> (a) "Determine whether or not any of the . . . alleged preferences are payments on account of the new value."

11

> (b) "If they are, with respect to those payments, the creditor must determine whether or not it has grounds to allege that the preference is defensible under one of the statutory preference defenses in 11 U.S.C. § 547(c) other than 11 U.S.C. § 547(c)(4)."
>
> (c) "If so, and if the creditor prevails on that defense, the new value on account of which that 'otherwise unavoidable transfer' was made cannot be utilized by the creditor as a preference defense."

*Tenn. Valley Steel*, 203 B.R. at 957 (quoting *Fitzpatrick v. Rockwood Water, Wastewater & Natural Gas Sys. (In re Tenn. Valley Steel Corp.)*, 201 B.R. 927, 940-41 (Bankr. E.D. Tenn. 1996) (quoting *Pay 'N Pak Stores, Inc. v. Slide-Co. (In re PNP Holdings Corp.)*, 167 B.R. 619, 628-29 (Bankr. W.D. Wash. 1994))). Moreover, "application of § 547(c)(4) 'requires prior determination of whether the transfer in question is protected under *other portions* of Code § 547.'" *Phoenix Rest. Group, Inc. v. Ajilon Prof'l Staffing LLC (In re Phoenix Rest. Group, Inc.)*, 317 B.R. 491, 499-500 (Bankr. M.D. Tenn. 2004) (quoting *Field v. Md. Motor Truck Assoc. Workers Comp. Self-Ins. Group (In re George Transfer, Inc.)*, 259 B.R. 89, 95 (Bankr. D. Md. 2001)).

Once again, the Defendant did not meet its burden of proof that it gave the Debtor new value subsequent to the transfers in question. In fact, the only evidence in the record remotely concerning the new value defense is Mr. Gruen's testimony that "[t]he value provided by [the Defendant] was not the advertisements themselves, instead the value received by [the Debtor] was [the Defendant's] expertise in the coordination and development of advertisement and other marketing activities" and that it was only after payment that it would "finalize the arrangements with the various third party publications." GRUEN AFF. at ¶ 4. This statement, however, seems to contradict Mr. Gruen's testimony that the actual payments in question were "for services provided including payments for

future advertisement in third party publications." GRUEN AFF. at ¶ 5. This statement is also contradicted by the invoices produced by the Defendant along with its Initial Rule 26(a) Disclosures, which appear to request payments for directories only, rather than for marketing services themselves.

Based upon the clear wording of the statute, any transfers for goods or services provided prior to the transfer are not subject to the subsequent new value defense. The invoices attached to the Defendant's Initial Rule 26(a) Disclosures evidence that the first transfer of $16,181.76 was tendered in payment of an invoice dated May 1, 2003, and that the second transfer for $9,346.43 was tendered in payment of an invoice dated June 1, 2003. Both of these dates are prior to June 19, 2003, the date of the first alleged preferential transfer, and so, the services billed on these two invoices could not include any subsequent new value as contemplated by § 547(c)(4). Additionally, the issue of whether the transfers are subject to other affirmative defenses is still unresolved. Accordingly, because the Defendant has not provided evidence sufficient to determine that the transfers in question resulted in subsequent new value to the Debtor, it has not met its burden of proof with respect to § 547(c)(4), and it is not entitled to summary judgment with respect to this statutory defense.

### III

Based upon the foregoing, genuine issues of material fact exist, and the Defendant's Motion for Summary Judgment shall be denied. The court will modify paragraph 4 of the scheduling Order entered on February 10, 2006, as follows: (1) the pretrial conference presently scheduled for August 24, 2006, will be continued to September 21, 2006, at 1:30 p.m.; (2) the date by which the

parties shall meet and confer will be extended to August 24, 2006; and (3) the date by which the parties shall file the joint pretrial statement is extended to September 11, 2006.

An order consistent with this Memorandum will be entered.

FILED: August 10, 2006

BY THE COURT

*/s/ RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE
